

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# Susilo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3830

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Susilo v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-3830 & 05-1628

SHINTA D. SUSILO,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Donald Vincent Ferlise
(No. A95-369-189)

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2007

Before: McKEE, AMBRO, and STAPLETON, Circuit Judges

(Opinion filed:  February 16, 2007)

OPINION

AMBRO, Circuit Judge

Shinta Devi Susilo petitions for review of an order issued by the Board of Immigration Appeals ("BIA") affirming the denial of her applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").  In addition, she petitions for review of the BIA's denial of her motion to reconsider its decision.  We have jurisdiction to consider these petitions under Section 242(b) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1252(b).  For the reasons set forth below, we deny the petitions.

## I.

We highlight only those facts that are pertinent to our analysis.  Susilo, a Catholic, is a native and citizen of Indonesia who is of ethnic Chinese origin.  She came to the United States as a non-immigrant visitor on June 12, 2001, overstayed her visa, and was charged with removal under 8 U.S.C. § 1227(a)(1)(B).  Susilo conceded the charge of removal and proceeded to apply for asylum, withholding of removal, and protection under the CAT.  She asserted in oral testimony that she feared persecution in Indonesia because of her religion.

The immigration judge ("IJ") who considered Susilo's applications found that she had not demonstrated a well-founded fear of future persecution because her testimony was not credible.  In the alternative, the IJ held that, even if Susilo's testimony were credible, the allegations and evidence she provided did not support a finding of past or future persecution based on religion or any other ground.  As a result, the IJ denied each

2

of Susilo's asylum, withholding of removal, and CAT claims.

Susilo appealed this decision to the BIA. It affirmed the IJ's decision without opinion and dismissed Susilo's appeal. She then petitioned us for review of this dismissal. In addition, she filed a motion for reconsideration, which the BIA denied. In so doing, the BIA did not revisit the IJ's adverse credibility finding, agreeing with the IJ that, even if Susilo were credible, her petition still fails. The BIA also concluded that an intervening case cited by Susilo, *Eduard v. Ashcroft*, 379 F.3d 182 (5th Cir. 2004), was not controlling in our jurisdiction and declined to apply it here. Following this denial, Susilo petitioned us for review of the BIA's refusal to reconsider its earlier decision. Both petitions have been consolidated into this review.

II.

Before us, Susilo makes two arguments: (1) the BIA erred in concluding that she failed to establish past persecution, fear of future persecution, or pattern and practice of persecution; and (2) the BIA violated her right to due process of law by failing to make any ruling on her claim for relief under the CAT. Susilo does not challenge the IJ's credibility finding before us and, as the BIA affirmed the IJ's holding on the alternative ground, we need not address it here.

Where the BIA "adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Whether an applicant for asylum has established past persecution or a well-founded fear of future persecution is "a factual

3

determination reviewed under the substantial evidence standard." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). As such, we must uphold the agency's findings of fact to the extent that they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotations and citations omitted). Here, the IJ concluded that encountering discrimination on the street, being robbed by muggers, and being harassed as a child by other children, does not rise to the level of persecution. As for Susilo's allegation that she was present during a church bombing on Christmas Eve in 2000, the IJ concluded that this experience did not constitute persecution because there was no evidence that the government of Indonesia was unable or unwilling to protect Christians on the Island of Java, where Susilo lived. We conclude that the IJ's determinations are supported by substantial evidence and are consistent with the law of persecution. *See Gao*, 299 F.3d at 272.

Finally, Susilo's claim that the BIA violated her due process rights by denying her CAT relief without making factual or legal findings also fails. Susilo did not raise this claim before the BIA, and therefore it is unexhausted.

\* \* \* \* \*

Accordingly, we deny Susilo's petitions for review.